**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RYAN EDWARD RUDE,

                Petitioner,

    v.

HUNTER ANGLEA, Warden,

                Respondent.

Case No. 5:19-cv-00403-JWH (AGR)

**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, the records on file, and the Amended Report and Recommendation of the United States Magistrate Judge.  Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Amended Report and Recommendation ("Report") recommends denial of the First Amended Petition and dismissal of this action with prejudice.  (ECF No. 59.)  As explained below, Petitioner's objections to the Report (ECF No. 61) do not warrant a change to the Magistrate Judge's findings or recommendation.

Petitioner requests the appointment of counsel and an investigator.  (ECF No. 61 at 1.)  The appointment of counsel is not warranted because Petitioner has not demonstrated a likelihood of success on the merits.  *See Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (failure to demonstrate likelihood of success on the merits suffices to deny appointment of counsel).  The appointment of an investigator is not warranted because any evidence obtained during an investigation would be irrelevant to the Court's review under 28 U.S.C. § 2254(d).  *See Bemore v. Chappell*, 788 F.3d 1151, 1176 (9th Cir. 2015) ("[W]e may not consider new evidence unless the state court's legal conclusions were contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, or its determination of facts was unreasonable in light of the evidence presented to the state court, 28 U.S.C. § 2254(d).").

Petitioner objects that the prosecutor failed to turn over exculpatory evidence from the Federal Bureau of Investigation ("FBI"), in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  (ECF No. 61 at 1-2.)  As the Report found, however, Petitioner has not shown that such evidence was suppressed because there was no evidence that the prosecutor knew of or had access to such evidence.  (ECF No. 59 at 8-9.)  Petitioner's objection does not challenge this finding.

Petitioner objects that the FBI reports, which allegedly found no unlawful activity, support his claim of actual innocence.  (ECF No. 61 at 2.)  As the Report

found, however, the FBI analysts expressly focused on federal crimes, not the state crimes that are the subject of this action.  (ECF No. 59 at 15.)  Although Petitioner seeks further evidentiary development of this issue (ECF No. 61 at 2), it is unwarranted.  Petitioner does not explain, nor is it apparent, how additional legal opinions from FBI analysts, who would not be offering any new facts, would demonstrate his actual innocence.

Petitioner objects that the purchasers of securities were "way more involved than the vague stories provided."  (ECF No. 61 at 3.)  To the extent that Petitioner is arguing he is actually innocent of the crime of offering or selling unqualified securities, on the basis of an exemption for a prior personal or business relationship, he has fallen short of the extraordinarily high showing required for such a claim. Unproven assertions about the purchasers' level of involvement does not establish actual innocence.  *See Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (*en banc*) ("Requiring affirmative proof of innocence is appropriate, because when a petitioner makes a freestanding claim of innocence, he is claiming that he is entitled to relief despite a constitutionally valid conviction.").

Petitioner objects that his convictions for burglary were barred by the statute of limitations.  (ECF No. 61 at 4.)  As the Report found, however, a statute of limitations bar is not the equivalent of actual innocence.  (ECF No. 59 at 14.) Moreover, the jury found that Petitioner was prosecuted within the statute of limitations (*id.*), which Petitioner does not dispute.

Petitioner objects that there is evidence he made contributions and suffered losses the same as every other purchaser.  (ECF No. 61 at 4.)  To the extent that Petitioner again is arguing that he is actually innocent, such evidence might, at best, only undercut the evidence of guilt, without affirmatively demonstrating actual innocence.  *See Hooper v. Shinn*, 56 F.4th 627, 634 (9th Cir. 2022) (*per curiam*) ("But '[e]vidence that merely undercuts trial testimony or casts doubt on the petitioner's guilt, but does not affirmatively prove innocence, is insufficient to merit

relief on a freestanding claim of actual innocence.") (quoting *Jones v. Taylor*, 763 F.3d 1242, 1251 (9th Cir. 2014)).

Based upon the foregoing, it is hereby **ORDERED** as follows:

1. The Amended Report and Recommendation of the Magistrate Judge is **ACCEPTED** and **ADOPTED**.

2. Judgment shall be entered **DENYING** the First Amended Petition and **DISMISSING** this action **with prejudice**.

**IT IS SO ORDERED.**

DATED:   April 2, 2024

JOHN W. HOLCOMB
UNITED STATES DISTRICT JUDGE